SMITH, SUPT. OF INSURANCE, APPELLANT, *v.* OHIO VALLEY INS. CO. ET AL., APPELLEES.

(No. 71-236—Decided July 21, 1971.)

*Mr. William J. Brown*, attorney general, and *Mr. William M. Lane*, for appellant.

*Messrs. Crabbe, Newlon, Potts, Schmidt, Brown & Jones* and *Mr. William L. Schmidt*, for appellee, Buckeye Union Insurance Company.

*Messrs. Vorys, Sater, Seymour & Pease*, for appellee Ohio Insurance Guaranty Association.

*Stewart & DeChant, Co., L. P. A.*, and *Mr. Thomas H. DeChant*, for appellees Ken Bailey et al.

LEACH, J. At issue in this case is the applicability of the Ohio Insurance Guaranty Association Act, R. C. Chapter 3955, which became effective September 4, 1970, as to claims against an insolvent insurance company (Ohio Valley Insurance Company), where such claims existed prior to September 4, 1970, where the company from December 31, 1969, on "was [continuously] insolvent in the sense that it did not possess sufficient assets with which to discharge its liabilities and in the sense that it did not possess suf-

ficient liquid assets to meet its obligations as such obligations become due," but where the company was not decreed by a court to be insolvent and ordered liquidated until November 27, 1970.

Proceedings in this case began on August 12, 1970, when the Superintendent of Insurance of the state of Ohio, appellant herein, filed a complaint in the Common Pleas Court of Franklin County alleging that Ohio Valley was insolvent and praying for an order, pursuant to R. C. 3903.03 *et seq.*, for the rehabilitation or liquidation of that company.

After unsuccessful efforts directed toward rehabilitation, the Common Pleas Court, on November 13, 1970, found that further efforts to rehabilitate Ohio Valley would be futile and ordered the Superintendent to proceed to liquidate. The journal entry of the court, so finding and so ordering, was entered on November 27, 1970.

Subsequent to the filing of the complaint by the Superintendent on August 12, 1970, the Ohio Guaranty Association Act became effective. This Act created a nonprofit unincorporated association to be known as The Ohio Insurance Guaranty Association. R. C. 3955.06. The Guaranty Association includes as "member insurer[s]" anyone "who writes any kind of insurance to which this act applies * * * and is licensed to transact any insurance in this state." R. C. 3955.01(D). (Buckeye Union Insurance Company, the adversary appellee herein, is such a member insurer.)

The Act defines an "insolvent insurer" as meaning "an insurer authorized to transact insurance in this state either at the time the policy was issued or when the insured event occurred, decreed by a court of competent jurisdiction of the state of such insurer's domicile to be insolvent, and ordered by or pursuant to the authority of such court to be liquidated." R. C. 3955.01(C).

It provides that the Guaranty Association shall "be obligated to the extent of the covered claims existing prior to the determination that an insolvent insurer exists and

arising within thirty days after such determination * * *.''
R. C. 3955.08(A)(1).

The funds from which the Guaranty Association is required to make such payment are derived from assessments against its members, the Guaranty Association being authorized to ''assess member insurers separately for each account amounts necessary to pay the obligations of the association under division (A) (1) of this section subsequent to an insolvency * * *.'' R. C. 3955.08(A)(3).

On November 27, 1970, the Common Pleas Court having decreed that Ohio Valley was insolvent and having ordered its liquidation, the Superintendent notified the Guaranty Association to such effect. Thereafter Buckeye, as an intervening defendant with permission of the court, sought declaratory judgment as to the respective rights of the Superintendent, the Guaranty Association and the member insurers of the Guaranty Association as to the obligation for payment of existing claims against Ohio Valley.

Guaranty Association also intervened as a party defendant, and is denominated as an appellee in this court, but has taken no adversary position as to the applicable law. A group of persons, Ken Bailey et al. (claimants), having existing claims against Ohio Valley, also intervened.

In the Common Pleas Court, it was the position of Buckeye that since Ohio Valley was *actually* insolvent before the effective date of the Ohio Insurance Guaranty Association Act, to require Guaranty Association to pay any existing claims against Ohio Valley, based on a *judicial decree* of insolvency after the effective date of the law, would be in violation of the provision of Section 28, Article II of the Ohio Constitution, providing that the ''General Assembly shall have no power to pass retroactive laws.''

Relying on the definition of an ''insolvent insurer'' in R. C. 3955.01(C), which requires (1) a court decree of insolvency and (2) a court order of liquidation, it was the position of the Superintendent and of the intervening claim-

ants that the legislation was prospective in nature, and not constitutionally retroactive, since the law became operative only upon the happening of an event subsequent to the effectiveness of the law, *i. e.*, the court decree.

The trial court found, as a matter of fact, that Ohio Valley, beginning December 31, 1969, was and continued to be "insolvent in the sense that it did not possess sufficient assets with which to discharge its liabilities and in the sense that it did not possess sufficient liquid assets to meet its obligations as such obligations became due." That court concluded as a matter of law that R. C. Chapter 3955 was constitutional; that it applied "to the present liquidation proceedings of Ohio Valley Insurance Company despite the fact that Ohio Valley Insurance Company was insolvent * * * prior to September 4, 1970"; that Ohio Valley "became an 'insolvent insurer' within the meaning of Chapter 3955, Ohio Revised Code, and as defined in Section 3955.01 (C), Ohio Revised Code, on November 27, 1970, which date is after the effective date of Chapter 3955, Ohio Revised Code"; and that "Ohio Insurance Guaranty Association is fully liable and obligated to handle, process and *pay all of the claims* of Ohio Valley Insurance Company pursuant to Chapter 3955, Ohio Revised Code; * * *" (Emphasis added.)

At this point, we might note that the entire focus of the case, as presented to the Common Pleas Court, concerned the obligation of Guaranty Association to pay *any* existing claims against Ohio Valley, premised on the assertion by Buckeye that such was precluded by the fact that Ohio Valley was actually insolvent prior to the effective date of the Ohio Insurance Guaranty Act. No discussion appears as to the meaning of "all of the claims" of Ohio Valley "pursuant to" R. C. Chapter 3955, as referred to by the trial court.

Upon appeal by Buckeye to the Court of Appeals, that court concluded, as stated in its opinion:

"The date of insolvency has no bearing upon the determination of whether R. C. Chapter 3955 is retroactive

because the insolvency continued and existed after the effective date as well as before, so long as R. C. Chapter 3955 operates upon the existing insolvency prospectively. Accordingly, R. C. Chapter 3955 is not retroactive with regard to claims arising on or after the effective date, September 4, 1970, regardless of when the insurance policy was issued. The rights of the claimant and the obligation of the association and Buckeye with respect to such a claim all arise while the statute is in effect. There can be no retroactivity because there was no preexisting claim.

"It is the finding of this court, however, that R. C. Chapter 3955 is retroactive as to claims arising prior to September 4, 1970, from the insolvency of Ohio Valley Insurance Co., and is, therefore, to this extent, unconstitutional as applied to intervener-appellant, Buckeye Union Insurance Company, and like member insurers, in the liquidation of Ohio Valley Insurance Co., and that Ohio Insurance Guaranty Association has no duty or liability in the processing, handling, or payment of claims arising prior to September 4, 1970, out of the liquidation of Ohio Valley."

After entry of judgment to this effect by the Court of Appeals, appeal was taken to this court by the Superintendent. No cross-appeal was taken by Buckeye, which now concedes that claims which arose against Ohio Valley on or after September 4, 1970 (but prior to 30 days after the court's decree of insolvency), are required to be paid by Guaranty Association, and that Buckeye would be subject to an assessment to effectuate such payment.

This case has been extensively briefed by respective counsel as to the question of whether legislation, requiring payment by Guaranty Association of claims theretofore existing against an insurance company, judicially decreed to be insolvent after such legislation, and requiring Guaranty Association to assess other insurance companies (member insurers) to obtain the funds necessary to make such payments, constitutes a "retroactive law" within the purview of Section 28, Article II of the Ohio Constitution.

Reference has been made by respective counsel to many opinions of this court interpreting such constitutional provision.[1]

Were this a case where the language employed by the General Assembly had expressly and unequivocally provided for payment by Guaranty Association of claims in existence prior to the legislation, against an insurance company judicially decreed to be insolvent after the effective date of the legislation, a complex question of constitutionality under Section 28, Article II, would arise as to the power to assess member insurers for the cost of such payments.[2]

Such a case, however, is not presented herein. Al-

[1] Cases cited include *Rairden* v. *Holden* (1864), 15 Ohio St. 207; *Kumler* v. *Silsbee* (1882), 38 Ohio St. 445; *Gager* v. *Prout* (1891), 48 Ohio St. 89; *Commissioners* v. *Rosche Bros.* (1893), 50 Ohio St. 103; *Miller* v. *Hixson* (1901), 64 Ohio St. 39; *Safford* v. *Ins. Co.* (1928), 119 Ohio St. 332; *Smith* v. *N. Y. C. Ry. Co.* (1930), 122 Ohio St. 45; *Cleveland* v. *Zangerle* (1933), 127 Ohio St. 91; *State, ex rel. Slaughter,* v. *Indus. Comm.* (1937), 132 Ohio St. 537; *State, ex rel. Crotty,* v. *Zangerle* (1938), 133 Ohio St. 532; *Ault* v. *Evatt* (1942), 140 Ohio St. 427; *Hearing* v. *Wylie* (1962), 173 Ohio St. 221; *General Industries* v. *Leach* (1962), 173 Ohio St. 227; *State, ex rel. Holdridge,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 175; *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70; and *Perk* v. *Euclid* (1969), 17 Ohio St. 2d 4.

Essentially, the Superintendent and claimants assert that the Act is "remedial in nature" and that it does not affect "substantive rights." Buckeye asserts that the Act if applied to claims against Ohio Valley in existence prior to September 4, 1970, is one which, in the words of Judge Story in the case of *Society for the Propagation of Gospel* v. *Wheeler* (1814), 2 Gall. (U. S. C. C.), 105, 139, "takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already passed," and, therefore, "must be deemed retrospective."

[2] Note that Guaranty Association is not the corporate successor of the insolvent insurance company; nor is it the liquidator. Its obligation, for the purpose of payment, is to stand in the place of the insolvent insurer. R. C. 3955.08. Upon payment to a claimant, it is then subrogated to the rights of the claimant. Its claim for reimbursement out of any available assets of the insolvent insurance company stands on a par with those of other claimants to whom full payment has not been made, i. e., those claimants whose claims predate such legisla-

though Guaranty Association is obligated by the terms of R. C. 3955.08(A) as to *certain* "claims existing prior to the determination that an insolvent insurer exists and arising within thirty days after such determination," its obligation is not to "all claims" but only as to "covered claims."

A "covered claim" is specifically defined by R. C. 3955.-01(B) as meaning "an unpaid claim * * * which *arises* out of and *is* within the coverage of an insurance policy to which Sections 3955.01 to 3955.20, inclusive, of the Revised Code *apply*, when issued by an insurer which becomes an insolvent insurer on or after the effective date of this Act and the claimant or insured *is* a resident of this state at the time of the insured event or the property from which the claim arises *is* permanently located in this state." (Emphasis added.)

Although the latter portion of the opinion of the Court of Appeals, and its journal entry, speaks of R. C. Chapter 3955 as being "retroactive" and "unconstitutional as applied to * * * claims arising prior to September 4, 1970, out of the liquidation of Ohio Valley," it appears from a more careful examination of that opinion that the Court of Appeals also held that claims which arose prior to September 4, 1970, were not included within the legislative definition of a "covered claim." As to this point, the Court of Appeals stated:

"The 'covered claim' about which the purpose section speaks, 'means an unpaid claim' (R. C. 3955.01[B]) 'which

tion, and those claims arising more than thirty days after the court decree.

R. C. 3955.12(B) reads:

"The receiver, liquidator, or statutory successor of an insolvent insurer shall be bound by settlements of covered claims by the association or a similar organization in another state. The court having jurisdiction shall grant such claim priority equal to that which the claimant would have been entitled in the absence of Sections 3955.01 to 3955.20, inclusive, of the Revised Code against the assets of the insolvent insurer. The expenses of the association or similar organization in handling claims shall be accorded the same priority as the liquidator's expenses."

arises out of' 'an insurance policy' 'when issued by an insurer which becomes an insolvent insurer on or after the effective date of this Act * * *.'

"As to 'claims' which arose before September 4, 1970, out of already existing insurance policies, issued before September 4, 1970, any attempt to make such an 'unpaid claim' a 'covered claim' under the chapter does violence to the very definition of a covered claim."

We are in agreement with the Court of Appeals that the definition of "covered claim" does not include claims in existence before September 4, 1970. The definition of "covered claim," as a matter of English grammar, is in the present tense—not the past tense. The statute speaks of an unpaid claim "which arises"—not one "which arose." It does not include "unpaid claims" of any insurance policy—only those as to which the provision of R. C. Chapter 3955 "apply." It speaks, not of a claimant who "was" a resident of Ohio at the time of the insured event, but of a claimant who "is" a resident of Ohio at such time.

A statute, employing operative language in the present tense, does not purport to cover past events of a similar nature. As a general rule, a statute is prospective in its operation "unless its terms show clearly an intention that it should operate retrospectively."[3] *Bernier* v. *Becker*

---

[3] As illustrative of legislative language expressing a *clear intention* to apply its provisions retrospectively, see the statutory language in question in *State, ex rel. Slaughter,* v. *Indus. Comm.* (1937), 132 Ohio St. 537, 539:

"The provisions of this act shall apply * * * whether such injury or death occurs prior to the operative date of this act or subsequent thereto." (G. C. 3496-3, as then in effect.)

Another illustration is contained in paragraph three of the syllabus in *Hearing* v. *Wylie* (1962), 173 Ohio St. 221, which reads:

"The portion of Section 4123.519, Revised Code, reading, 'any action pending in Common Pleas Court or any other court on the effective date of this act under Section 4123.519 of the Revised Code shall be governed by the terms of this act,' so far as it attempts to make compensable injuries which were not compensable under legislation in effect prior to November 2, 1959, is invalid under Section 28, Article II, Constitution of Ohio."

(1881), 37 Ohio St. 72, 74; *Allen* v. *Russell* (1883), 39 Ohio St. 336, 339; *Cincinnati* v. *Seasongood* (1889), 46 Ohio St. 296, 304; *Cincinnati, Hamilton & Dayton Rd. Co.* v. *Hedges* (1900), 63 Ohio St. 339, 341; *Cowen* v. *State, ex rel. Donovan* (1920), 101 Ohio St. 387. No such clear intention appears herein.

We hold, therefore, that the obligation of Ohio Insurance Guaranty Association as to the payment of existing claims against an insurance company, judicially decreed to be insolvent and ordered liquidated, pursuant to the Ohio Insurance Guaranty Act, R. C. Chapter 3955, does not include all claims existing prior to the judicial determination of insolvency and arising within 30 days of such determination, but is restricted to the payment of "covered claims," as defined by R. C. 3955.01(B).

We hold further that a claim already in existence against an insurance company prior to the effective date of the Ohio Insurance Guaranty Act, on September 4, 1970, is not a "covered claim," as defined by R. C. 3955.01(B).

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN and STERN, JJ., concur.