**TENNESSEE INSURANCE GUARANTY ASSOCIATION, Appellant,**

v.

**David M. PACK, Attorney General, et al., Appellees.**

Supreme Court of Tennessee.

Sept. 3, 1974.

Rehearing Denied Dec. 9, 1974.

John T. Conners, Jr., J. Greer Cummings, Jr., Boult, Cummings, Conners & Berry, Nashville, for appellant.

C. Hayes Cooney, Asst. Atty. Gen., Walter S. Clark, Jr., Nashville, John W. Washington, Murfreesboro, for appellees.

OPINION

FONES, Chief Justice.

The Tennessee Insurance Guaranty Association has perfected a direct appeal to this Court from the Chancery Court of Davidson County. The appeal is from an adverse decision in two cases which were consolidated because of the identical issues presented therein. The first suit was a class action brought by the Association, hereinafter appellant, against the Attorney General, the Commissioner of Insurance, and both litigants in a pending personal injury action in which the defendant was the insured of LaSalle National Insurance Company, an Illinois corporation. The litigants were joined as defendants representative of a class of litigants whose claims would eventually be presented for satisfaction to LaSalle. The second suit named only the Commissioner and the Attorney General as defendants, and grew out of claims against a different insurer, the Maryland National Insurance Company, incorporated in Georgia.

Both suits sought a declaratory judgment that the Commissioner's action in holding the Association liable for payment of claims arising prior to July 1, 1971 against the two insurers constituted an unconstitutional retroactive application of the Tennessee Insurance Guaranty Association Act, Chapter 180, Acts of 1971, effective July 1, 1971, and codified as T.C.A. § 56–4001 et seq.

The factual pattern common to the two insurers here involved demonstrates that the Commissioner of Insurance of Tennessee suspended the authority of the insurers to do business in Tennessee in the year 1969; that pursuant to judicial proceedings in the states of their respective incorporation, the insurers were declared insolvent by courts of competent jurisdiction subsequent to July 1, 1971, the effective date of the Tennessee Insurance Guaranty Association; that all claims now pending before Tennessee courts arising out of policies issued by the subject insurers, as well as claims reduced to judgment that remain wholly or partially unsatisfied, were incurred prior to July 1, 1971. As a result of the declarations of insolvency of the insurers, the Commissioner of Insurance notified the Tennessee Insurance Guaranty Association of the declarations and of his decision that claims against the insurers were to be satisfied by the Association from its assets.

■ Appellant's sole assignment of error contends that to require it to assume liability for the claims described above would be to give retroactive application to the Act, thereby violating Article I, Section 20 of the Tennessee Constitution. The question resolves to whether the claims here at issue are "covered claims" within the meaning of the Act. The statutory definitions of both "covered claims" and "insolvent insurer" are necessary to an understanding of the question.

"56–4004. Definitions.—

.  .  .  .  .  .

(4) 'Covered claim' means an unpaid claim, including one (1) for unearned premiums not in excess of five hundred dollars ($500), which arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy to which this chapter applies issued by an insurer, if such insurer becomes an insolvent insurer after July 1, 1971, and (a) the claimant or insured is a resident of this state at the time of the insured event; or (b) the property from which the claim arises is permanently located in this state. 'Covered claim' shall not include any amount due any reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries or otherwise.

(5) 'Insolvent insurer' means (a) an insurer authorized to transact insurance in this state either at the time the policy was issued or when the insured event occurred and (b) determined to be insolvent by a court of competent jurisdiction."

It will be seen from the above that no attempt was made to limit insolvent insurers to those insurers licensed to do business after July 1, 1971. Indeed, the contrary intention seems readily apparent. The Act defines "covered claims" by reference to "insolvent insurers"; "member insurers", those insurers licensed to transact Tennessee business on the effective date of the Act, are not referred to in the definition of covered claims. Further, insolvent insurers are defined specifically to include any insurer licensed to do business either when it issued the policy upon which a claim is based or when the insured event occurred. Such insurers, when declared insolvent by a court of competent jurisdiction, became "insolvent insurers" for purposes of the Act. It will also be seen that the event upon which the machinery of the Act is called into operation and upon which the Association's liability depends, is the declaration, after July 1, 1971, by a court of competent jurisdiction of an insurer's insolvency.

■ A statute is not retroactive in its application merely because it makes reference to antecedent facts. Cox v. Hart, 260 U.S. 427, 43 S.Ct. 154, 67 L.Ed. 332 (1922); United States v. Trans-Missouri Ass'n, 166 U.S. 290, 17 S.Ct. 540, 41 L.Ed. 1007 (1897); Louisville and Nashville Railroad Co. v. Hammer, 191 Tenn. 700, 236 S.W.2d 971 (1951). The courts of two states have construed statutes nearly identical to the Tennessee Act as not involving any retroactive application, rather merely drawing upon antecedent facts, specifically,

the claims existing before the effective date of the Act against an insurer declared insolvent after the effective date. See Mississippi Insurance Guaranty Ass'n v. Gandy, Miss., 289 So.2d 677 (1974); Louisiana Insurance Guaranty Association v. Guglielmo, La.App., 276 So.2d 720 (1973). But see, contra, Smith v. Ohio Valley Insurance Co., 27 Ohio St.2d 268, 272 N.E.2d 131 (1971).

We are persuaded that the Louisiana and Mississippi cases present the better reasoned opinions, and we accordingly affirm the judgment below for the reasons stated herein. The costs of this appeal shall be taxed to the appellant.

DYER, C. J., CHATTIN and Mc-CANLESS, JJ., and LEECH, Special Justice, concur.

## OPINION ON PETITION TO REHEAR

FONES, Chief Justice.

Appellant has filed an earnest and scholarly petition to rehear.

While no new authority is cited and no argument made that was not thoroughly considered in arriving at the foregoing opinion, we have again reviewed our decision and adhere thereto.

The petition to rehear is denied.

COOPER, HENRY, BROCK and HARBISON, JJ., concur.