Michael B. COPLIEN, Plaintiff,

v.

Fred E. STEELE, Executor of The Estate of Fred Steele III, et al., Defendants.

No. C 79–58.

United States District Court, N. D. Ohio W. D.

Sept. 9, 1981.

Robert E. Sweeney, Cleveland, Ohio, for plaintiff.

Richard J. McGraw, Cleveland, Ohio, for defendants.

MEMORANDUM AND ORDER

DON J. YOUNG, Senior District Judge.

This cause came to be heard upon the filing of three separate motions: (1) a motion of defendant S. E. Johnson Company to amend instanter its answer to the cross claim of defendant Fred Steele, Executor; (2) a motion of defendant John G. Papcun for an order limiting liability; and (3) a

motion of the plaintiff to strike affirmative defenses of contributory negligence and assumption of the risk.

The first two motions have not been opposed as required by Rule 3.01(3) of the Local Civil Rules, and they will be sustained.

The third motion before the Court is to strike the affirmative defenses of contributory negligence and assumption of the risk. It is the plaintiff's contention that Ohio Revised Code § 2315.19 bars application of either of these defenses. The statute states in pertinent part:

"In negligence actions, the contributory negligence of a person does not bar the person or his legal representative from recovering damages that have directly and proximately resulted from the negligence of one or more other persons, if the contributory negligence of the person bringing the action was no greater than the combined negligence of all other persons from whom recovery is sought. O.R.C. § 2315.19(A)(1).

The legislation enacting O.R.C. § 2315.19 is silent with respect to whether it should be given prospective or retrospective application. This silence is troublesome in cases, including the one at bar, where the claim arose and the action was filed before the statute's effective date.

The Ohio courts have supported the rule that a statute is prospective in its operation unless its terms clearly manifest an intention that it should apply retrospectively. *Smith v. Ohio Valley Ins. Co.*, 27 O.S.2d 268, 272 N.E.2d 131 (1971). The legislature adopted this position in Ohio Revised Code § 1.48 which provides: "A statute is presumed to be prospective in its operation unless expressly made retrospective." Once a statute has been declared retrospective in express terms, then it may be presumed that "courts will be called upon to determine whether a particular statute deals with substantive rights or remedial matters in an effort to determine whether the statute violates the prohibition of Article II, Section 28 of the Ohio Constitution against passage of retroactive laws." *James Wirth*

*and Deborah Wirth v. S. Central Power*, No. 80 AP–713, 648, Franklin Co. Ct. App. (10th Dist., filed March 24, 1981).

There is no question that Ohio's comparative negligence statute is silent as to whether it is to be applied prospectively or retrospectively. There can be no argument that the legislature has *not expressly* provided that the statute is to be applied retrospectively as required by O.R.C. § 1.48. The legislature's failure to express a clear intention that the statute was to apply retrospectively supports a prospective application. See *James Wirth and Deborah Wirth v. S. Central Power, supra*, at 652. Thus, the Court finds that O.R.C. § 2315.19 does not apply to cases where both the cause of action and filing of the case occurred before the statute's effective date.

Although the Ohio Supreme Court has not yet resolved this issue, this holding comports with the Ohio appellate and common pleas decisions placed before the Court, all of which are in agreement that the statute in question is to be applied in a prospective manner. See *Martha Musgrove v. Phill's Inn*, C.A. No. OT-80–22, Ottawa Co. Ct. App. (6th Dist., filed May 15, 1981); *James Wirth and Deborah Wirth v. S. Central Power, supra*; and *The Baltimore & Ohio Railroad Co. v. Maxwell Co.*, No. A7705326, Hamilton Co. Ct. Common Pleas (filed September 10, 1980). Furthermore, the Wisconsin comparative negligence statute, the model used by the Ohio Legislature, has been deemed prospective. *Schuh v. Fox River Tractor Co.*, 63 Wis.2d 728, 218 N.E.2d 279 (1974). This approach has also been adopted by most jurisdictions that have considered this question:

"In accordance with the strict rule of construction generally against giving retrospective operation to a statute where the intention of the legislature is not stated in express terms, the courts, although usually not alluding to such rule, have refused retrospective application to a comparative negligence statute which was silent as to the legislative intent in the manner."

37 ALR 3d *Retrospective Application of State Statute Substituting Rule of Comparative Negligence For that of Contributory Negligence*, 1438, 1441. Accordingly, this Court finds that the statute is to be applied prospectively and, therefore, plaintiff's motion to strike the affirmative defenses of contributory negligence and assumption of the risk is found to be not well taken.

THEREFORE, for the reasons stated, good cause therefor appearing, it is

ORDERED that the motion of defendant S. E. Johnson Company to amend instanter its answer to the cross claim of defendant Fred Steele be, and it hereby is, SUSTAINED: and it is

FURTHER ORDERED that the motion of defendant John G. Papcun for an order limiting liability be, and it hereby is, SUSTAINED; and it is

FURTHER ORDERED that the motion of plaintiff Michael Coplien to strike the affirmative defenses of contributory negligence and assumption of the risk be, and it hereby is, OVERRULED.

IT IS SO ORDERED.