**Margaret Ann PRITCHETT, Appellee,**

**v.**

**Scott CLIFTON and Missouri Insurance Guaranty Association, Appellants.**

**No. 84–1233.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1984.

Decided July 5, 1984.

Evans & Dixon, Gerre S. Langton and Gerard T. Noce, St. Louis, Mo., for appellant Missouri Ins. Guar. Ass'n.

Donald E. Bonacker, Springfield, Mo., for appellee Margaret Ann Pritchett.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM. .

This is an appeal from a decision of the District Court [1] ordering appellant Missouri Insurance Guaranty Association (the Association) to pay $49,900 to appellee Margaret Ann Pritchett. Appellee's claim is on an insurance policy assumed by the Association from an insolvent insurer under the Missouri Insurance Guaranty Act, MO. REV.STAT. § 375.785 (MIGA). Appellants raise several issues on appeal. Finding all of appellants' contentions to be without merit, we affirm.

This case arises out of a boating accident which occurred on August 7, 1971 in which Pritchett sustained serious injuries. The accident involved a collision on Tablerock Lake between two speedboats, one operated by Pritchett and the other by appellant Scott Clifton. Pritchett filed suit against Clifton, Kimberling Cove, Inc., Recreation Unlimited, Inc., and Charles Pando for her injuries. The complaint was amended to include the Association as a party, but the trial of that claim was deferred until all other matters at issue were resolved. The jury returned a verdict for Pritchett in the amount of $400,000 against one of the two corporate defendants. On appeal this court found that the two corporate defendants were engaged in a joint enterprise and directed that judgment be entered against both corporate defendants. *Pritchett v. Kimberling Cove, Inc.*, 568 F.2d 570 (8th Cir.1977), *cert. denied*, 436 U.S. 922, 98 S.Ct. 2274, 56 L.Ed.2d 765 (1978). Part of the judgment was paid by Recreation Unlimited, Inc.'s and Kimberling Cove, Inc.'s insurer, Fidelity and Casualty Company of New York, on August 24, 1979 in the amount of $166,089.71.

Consolidated Underwriters had a policy in force for Kimberling Cove, Inc. at the time of the accident. On May 1, 1972, Medallion Insurance Company (Medallion) assumed all of Consolidated Underwriters' policies and liabilities, and Consolidated Underwriters went out of business. On September 12, 1975, Medallion was declared insolvent and placed in receivership by the Circuit Court of Jackson County, Missouri.

The MIGA established the Association, a quasi-public corporation which provides limited benefits to holders of insurance policies issued by insurers which have become insolvent and are unable to pay valid claims arising out of covered events in Missouri. The central issue on this appeal concerns the application of the MIGA to accidents occurring before its effective date, which is September 28, 1971.

■ The District Court held, and we agree, that the critical date for coverage of a claim under the MIGA is not the date of the accident but the date of insolvency of the insurer. Although no reported decision of a Missouri court has addressed this issue of statutory construction,[2] three states with similar statutes have held as the District Court did. *Mississippi Insurance Guaranty Association v. Gandy*, 289 So.2d 677 (Miss.1974); *Tennessee Insurance Guaranty Association v. Pack*, 517 S.W.2d 526 (Tenn.1974); *Louisiana Insurance Guaranty Association v. Guglielmo*, 276 So.2d 720 (La.Ct.App.1973), *cert. denied*, 279 So.2d 690 (La.1973). We agree that this is the proper construction of the statute and is consistent with the statute's remedial purpose. The insolvency of Medallion did not occur until 1975, nearly four years following the effective date of the MIGA, and thus Pritchett is entitled to the benefit of the MIGA.

■ The Association raises several other issues on appeal including: (1) the

1. The Honorable William R. Collinson, Senior United States District Judge for the Western District of Missouri.

2. The District Court cited one Missouri Circuit Court decision which held that the date of insolvency controls. *Martin v. Prettyman*, No. 776,-759 (16th Cir. of Mo., May 18, 1978).

manner in which it was served with process; (2) whether Pritchett's claim is a "covered claim" under MO.REV.STAT. § 375.785, *i.e.*, does the fact that Pritchett has been paid by Fidelity some $166,000 of her $400,000 judgment relieve the Association of its duty to pay under the Consolidated Underwriters/Medallion policy?; (3) whether Pritchett is precluded from asserting this claim because she pursued an inconsistent remedy and thus released the Association from liability under MO.REV. STAT. § 375.785.4(1)(a)c.; and (4) whether the Association is entitled to a setoff against the amount Pritchett recovered under her medical insurance policy.

Having carefully reviewed the briefs of the parties and the record on appeal and having heard oral argument in this case, we find all appellants' contentions to be without merit. We affirm on the basis of the District Court's well-reasoned memorandum opinion. *See* 8th Cir. R. 14.