[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 240.]

THE STATE EX REL. PLAVCAN, APPELLEE, *v.* SCHOOL EMPLOYEES RETIREMENT SYSTEM OF OHIO, APPELLANT.

[Cite as *State ex rel. Plavcan v. School Emp. Retirement Sys. of Ohio*, 1994-Ohio-91.]

*Schools—Public School Employees Retirement System—Retirement—Disability coverage—R.C. 3309.39, construed.*

(No. 93-2532—Submitted October 24, 1994—Decided December 20, 1994.)

Appeal from the Court of Appeals for Franklin County, No. 93AP-324.

————————————

{¶ 1} Effective July 29, 1992, the General Assembly amended state public employee retirement law regarding disability benefits. Am. S.B. No. 346 of the 119th General Assembly. This case involves changes to the law affecting the appellant, School Employees Retirement System of Ohio ("SERS"), insofar as Am. S.B. No. 346 provided disability benefits to persons sixty and over.

{¶ 2} Before July 29, 1992, persons sixty and over could not receive disability benefits from SERS. See former R.C. 3309.39. However, Am. S.B. No. 346 required SERS to cover such members who have at least five years of service credit. The bill did not expressly declare that it was retroactive, nor did it enact a new application procedure for those sixty and over to obtain this new benefit. Instead, it amended the procedure for application and eligibility for persons under sixty and applied it to persons sixty and over. (See R.C. 3309.39, as amended by Am. S.B. No. 346, *infra.*) The procedure allows application for disability benefits to be made for up to two years after the member's last "contributing service" (apparently meaning service during which contributions were paid to SERS), and further provides that upon a finding of disability, benefit payments begin the first

day of the month following the month during which compensation was last paid or the member was first incapacitated, whichever is later. R.C. 3309.39(B) and (D).

{¶ 3} Appellee, Lillian Plavcan, was a member of appellant SERS with over five years service credit on July 29, 1992, when Am. S.B. No. 346 took effect. She applied for disability benefits on October 1, 1992, some two months later. On November 2, 1992, SERS's medical examiner stated that appellee had become incapacitated in December 1991, i.e., some seven months before Am. S.B. No. 346's effective date, which was also the same month she became sixty. She last received compensation for work in January 1992, which presumably was also her last contributing service, and was some six months before Am. S.B. 346's effective date, but well within the two years prior to the application for benefits.

{¶ 4} SERS began paying benefits to the appellee on August 1, 1992, the first day of the first month after Am. S.B. No. 346 took effect, rather than February 1, 1992, the first day of the month following the last day she received compensation, as required by literal compliance with R.C. 3309.33(B)(1). Appellee sought a writ of mandamus to compel SERS to pay benefits effective February 1, 1992, and the court of appeals allowed the writ, holding that Am. S.B. No. 346 was intended to have retroactive effect to permit persons over sixty to apply for disability benefits in conformity with the federal Older Workers Benefit Protection Act of 1990.

{¶ 5} SERS brings this appeal as of right.

_____

*Martin, Pergram, Browing & Parker Co., L.P.A.*, *Robin L. Parker* and *James M. Detz*, for appellee.

*Lee Fisher*, Attorney General, and *Christopher S. Cook*, Assistant Attorney General, for appellant.

_____

*Per Curiam.*

**{¶ 6}** We affirm the decision of the court of appeals for the following reasons.

**{¶ 7}** As amended by Am. S.B. No. 346, effective July 29, 1992, R.C. 3309.39 states in pertinent part:

"Sec. 3309.39(A) The school employees retirement system shall provide disability coverage to each member who has at least five years of total service credit.

"Not later than October 16, 1992, the school employees retirement board shall give each person who is a member on the effective date of this amendment [July 29, 1992] the opportunity to elect disability coverage either under section 3309.40 of the Revised Code or under section 3309.401 of the Revised Code.

"* * *

"(B) Application for a disability benefit may be made by a member, by a person acting in the member's behalf, or by the member's employer, provided the member has at least five years of total service credit and has disability coverage under Section 3309.40 or 3309.401 of the Revised Code.* * * The benefit payable to any member who is approved for a disability benefit shall become effective on the first day of the month next following the later of the following:

"(1) The last day for which compensation was paid;

"(2) The date on which the member was first incapacitated by the disabling condition.

"* * *

"(D) Application for a disability benefit must be made within two years from the date the member's contributing service terminated.* * *"

**{¶ 8}** In its first proposition of law, SERS argues that R.C. 3309.39 should not be applied retroactively because that would provide for payments that were not

authorized until July 29, 1992, Am. S.B. No. 346's effective date. This argument invokes R.C. 1.48, which states in part:

"A statute is presumed to be prospective in its operation unless expressly made retrospective."

{¶ 9} In *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph one of the syllabus, this court stated in part:

"Upon its face, R.C. 1.48 establishes a threshold analysis which must be utilized prior to inquiry under Section 28, Article II of the Ohio Constitution [constitutionally prohibited retroactivity]."

{¶ 10} The court of appeals held that although Am. S.B. No. 346 contained no express provision concerning retroactivity, it was "obvious" that the bill was intended to comply with the federal Older Workers Benefit Protection Act "at the first available time." The court of appeals apparently, though not expressly, based this conclusion on Section 5 of Am. S.B. No. 346, the necessitated by the federal act, "which requires that state retirement systems amend by October 16, 1992, any disability benefit law that discriminates among system members on the basis of age."

{¶ 11} The federal act was not otherwise cited or entered into evidence in the court of appeals. SERS attaches a copy of the act and some excerpts from the Congressional Record concerning the act to its appellate brief, and both parties refer to the federal act in their briefs. However, these materials are outside the record. States apparently had to comply with the federal law by October 16, 1992 (Section 5 of Am. S.B. No. 346), but this did not prove that retroactivity of state laws was required. Accordingly, we decline to affirm the court of appeal's decision on grounds that the federal act required retroactivity.

{¶ 12} Upon further examination, however, we conclude that R.C. 3309.39, as amended by Am. S.B. No. 346, is not retroactive; rather, it confers present eligibility for benefits based on examination of past events. A member of the

system has up to two years after "contributing service" ends to apply for benefits. Disability determination necessarily takes place after application and thus in the present, although the timing of benefits payments is related back to the date of the first incapacity or the date the applicant last received compensation, whichever is later. Statutes that reference past events to establish current status have been held not to be retroactive. In *State ex rel. Bouse v. Cickelli* (1956), 165 Ohio St. 191, 59 O.O. 261, 134 N.E.2d 834, we denied a candidate for Congress a place on the 1956 Democratic primary ballot because of former R.C. 3513.191, which, as amended effective January 1, 1956, prohibited a candidacy if the candidate had voted in another party's primary within the previous four calendar years. The candidate had voted in the Republican primary in 1952. Before January 1, 1956, the law had placed only a two-year restriction on such voting. The candidate sought a writ of mandamus compelling his name to be placed on the ballot. We held:

"It [R.C. 3513.191] is not retroactive simply because the test involves a time factor extending prior to the effective date of the amendment. The test is to be applied to future cases, *i.e.*, cases after its effective date." 165 Ohio St. at 192, 59 O.O. at 262, 134 N.E.2d at 835.

{¶ 13} Similarly, eligibility under R.C. 3309.39 is not being retroactively conferred; it is established in the present based on past events, just as disqualification in *Bouse* was based on past events. Therefore, there was no need to comply with R.C. 1.48, nor is there any constitutional question of retroactivity under Section 28 of Article II, Ohio Constitution.

{¶ 14} Nor do we view the payments due to appellee as being retroactive. Appellee's "benefit payable" date under R.C. 3309.39(B) was February 1, 1992, some six months before Am. S.B. No. 346 became effective. However, that right flows from a current right to apply and a current computation of eligibility for benefits. We find it immaterial that the right to the benefits stretches back to a prior

date so long as eligibility and the right to payment are conferred as present rights. R.C. 3309.01(O)(1) defines "benefit" as:

"* * * a payment, other than a retirement allowance or the annuity paid under section 3309.341 of the Revised Code, payable from the accumulated contributions of the member or the employer, or both, under this chapter and includes a disability allowance or disability benefit."

{¶ 15} R.C. 3309.01(O)(2) defines "disability allowance" as an allowance payable under R.C. 3309.401, which is the statute appellee qualified under. R.C. 3309.401 states in part:

"* * * *The allowance shall be an annual amount* equal to the greater of the following:

"(1) Forty-five per cent of the member's final average salary;

"(2) The member's total service credit multiplied by two and one-tenth per cent of his final average salary, not exceeding sixty per cent of his final average salary." (Emphasis added.)

{¶ 16} Thus, the allowance is computed as an "annual amount" relative to the present. We hold that this establishes a present right to payment, based on past events. If the right to receive certain benefits is a present right, it is not retroactive because it references past events. *Bouse*, *supra*.

{¶ 17} SERS argues that *Smith v. Ohio Valley Ins. Co.* (1971), 27 Ohio St.2d 268, 56 O.O.2d 160, 272 N.E.2d 131, supports its contention that payment of benefits for a period prior to a bill's effective date must constitute retroactive law which the General Assembly must identify as such in order to comply with R.C. 1.48. In that case, the Ohio Valley Insurance Company was found without sufficient assets to discharge its liabilities after December 31, 1969, giving rise to certain claims against it. On August 12, 1970, the Ohio Superintendent of Insurance filed suit against Ohio Valley. Effective September 4, 1970, the General Assembly enacted the Ohio Insurance Guaranty Association Act ("OIGA"), which

provided a fund for paying claims brought against insolvent insurance companies that were decreed by a court to be insolvent and ordered to be liquidated. The fund was created from assessments against other insurers. On November 27, 1970, the common pleas court declared Ohio Valley insolvent and ordered it liquidated.

{¶ 18} Claimants whose claims arose prior to September 4, 1970, OIGA's effective date, sought payment from the fund. The trial court held that the fund was available to pay all claims, those arising before and after the effective date of the act. The court of appeals held that the act was indeed retroactive as to claims arising before September 4, 1970, and was therefore unconstitutional to that extent, but was not retroactive as to claims arising between September 4 and November 27, 1970, the date the insolvency was judicially declared.

{¶ 19} We affirmed the judgment of the court of appeals, but not on constitutional grounds. Rather, we held that OIGA applied only to "covered claims," a defined term applicable to only claims against insurance companies that became insolvent on and after the effective date of the act. Thus, the court found a statutory basis for limiting claims to those arising only on and after the act's effective date.

{¶ 20} In the instant case, there is no statute to indicate prospectivity only and limit benefits to those accruing after the bill's effective date. Thus, *Smith* fails to support SERS's contentions in this regard.

{¶ 21} Finding that appellee has established a present right to payment as of February 1, 1992, we affirm the decision of the court of appeals, but upon different reasoning.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

––––––––––––––––––