THE STATE OF OHIO, APPELLANT, *v.* CONSILIO, APPELLEE.

[Cite as *State v. Consilio,* 114 Ohio St.3d 295, 2007-Ohio-4163.]

(No. 2006–0657—Submitted February 28, 2007—Decided August 29, 2007.)

**MOYER, C.J.**

I

{¶ 1} This appeal presents the issue whether R.C. 2901.07(B)(3)(a), as amended by Sub.H.B. No. 525 of the 125th General Assembly ("HB 525") and made effective on May 18, 2005, applies retroactively[1] to defendants convicted of a felony and placed on a form of supervised release prior to that date.

{¶ 2} On August 6, 2002, appellee, Craig Consilio, pleaded guilty to driving under the influence of alcohol or drugs, a fourth-degree felony, and was sentenced to six months' incarceration and a $500 fine. Consilio received judicial release on January 10, 2003. As part of this release, he was placed on community control for three years. In May 2005, the Summit County Court of Common Pleas Probation Office informed Consilio that he was required to provide the probation office with a DNA specimen pursuant to the version of R.C. 2901.07(B)(3)(a) made effective on May 18, 2005, by HB 525.[2]

{¶ 3} Consilio challenged this requirement in a motion in opposition filed on May 27, 2005. He argued that the amended statute did not apply to him, because it was not in effect when he was sentenced to community control. The trial court denied the motion on June 6, 2005, finding that amended R.C. 2901.07 applied to all individuals on community control at that time (regardless of when they were sentenced) and did not violate his Fourth Amendment rights.

---

1. The terms "retroactive" and "retrospective" may be used interchangeably to mean "a law that is 'made to affect acts or facts occurring, or rights accruing, before it came into force.'" *Bielat v. Bielat* (2000), 87 Ohio St.3d 350, 353, 721 N.E.2d 28, quoting Black's Law Dictionary (6th Ed.1990) 1317. For the sake of consistency, only the word "retroactive" is used in this opinion.

2. As amended by HB 525, R.C. 2901.07(B)(3)(a) provides that if an individual is convicted of or pleads guilty to a felony or certain misdemeanors and is on a form of supervised release (e.g., probation, community control, etc.), that individual shall submit to a DNA specimen collection procedure during the supervised release period. The pre-HB 525 version of this statute required only individuals convicted of certain enumerated offenses to submit to this procedure, and driving under the influence of alcohol or drugs was not one of those offenses.

{¶ 4} Consilio filed a timely appeal with the Court of Appeals for Summit County. On January 10, 2006, while the court of appeals case was pending, Consilio completed his period of community control. The court of appeals reversed the trial court judgment on February 15, 2006. After reviewing R.C. 1.48, which requires statutes to be applied prospectively unless they are expressly made retroactive, the court of appeals determined that the HB 525 version of R.C. 2901.07 was not expressly retroactive and thus did not apply to Consilio. The cause was remanded to the trial court for further proceedings. Although the record is not clear, it appears that Consilio has never submitted to the collection of a DNA specimen, in spite of the fact that the trial court never granted a stay of the order.

{¶ 5} We accepted jurisdiction on the state's appeal. For the following reasons, we affirm the judgment of the court of appeals.

## II

{¶ 6} As a preliminary matter, the parties argue that this case may be moot as to Consilio, given that the 126th General Assembly amended R.C. 2901.07 further to make it expressly retroactive. This new version of the statute, arising from Sub.S.B. No. 262 ("SB 262"), became effective July 11, 2006, after Consilio had completed his community control. The state cites *Franchise Developers, Inc. v. Cincinnati* (1987), 30 Ohio St.3d 28, 30 OBR 33, 505 N.E.2d 966, for the principle that a case rendered moot as to one of the litigants should still be determined on the merits if a debatable constitutional issue remains or the issue is one of great public or general interest. Id. at paragraph one of the syllabus.

{¶ 7} While we abide by that principle, a case is not moot if an actual controversy remains between the litigants. See *State ex rel. Plain Dealer v. Ohio Dept. of Ins.* (1997), 80 Ohio St.3d 513, 517–518, 687 N.E.2d 661. The action underlying this case concerned whether Consilio was required to submit a DNA specimen under the HB 525 version of R.C. 2901.07, which was effective when this matter originated and while he was still on community control. Because the actual controversy over whether the HB 525 version of the statute applies to Consilio remains to be resolved, the case is not moot.

## III

### A

{¶ 8} We are asked to determine whether the HB 525 version of R.C. 2901.07 applies retroactively or prospectively. Because this issue requires the interpretation of statutory authority, which is a question of law, our review is de novo. See *Brennaman v. R.M.I. Co.* (1994), 70 Ohio St.3d 460, 466, 639 N.E.2d 425.

{¶ 9} It is well-settled law that statutes are presumed to apply prospectively unless expressly declared to be retroactive. R.C. 1.48; *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 105, 522 N.E.2d 489. It is also settled that the General Assembly does not possess an absolute right to adopt retroactive statutes. Section 28, Article II of the Ohio Constitution prohibits the retroactive impairment of vested substantive rights. See *State v. LaSalle,* 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, ¶ 13. However, the General Assembly may make retroactive any legislation that is merely remedial in nature. See *State ex rel. Slaughter v. Indus. Comm.* (1937), 132 Ohio St. 537, 542, 8 O.O. 531, 9 N.E.2d 505.

{¶ 10} As noted in *Van Fossen* and *LaSalle,* we have distilled these principles into a two-part test for evaluating whether statutes may be applied retroactively. First, the reviewing court must determine as a threshold matter whether the statute is expressly made retroactive. *LaSalle,* 96 Ohio St.3d at 181, 772 N.E.2d 1172, citing *Van Fossen,* 36 Ohio St.3d 100, 522 N.E.2d 489, at paragraphs one and two of the syllabus. The General Assembly's failure to clearly enunciate retroactivity ends the analysis, and the relevant statute may be applied only prospectively. Id. If a statute is clearly retroactive, though, the reviewing court must then determine whether it is substantive or remedial in nature. *LaSalle* at 181, 772 N.E.2d 1172.

B

{¶ 11} Given this two-part test, we must first determine whether the statute was expressly made retroactive. The subsection at issue in this matter, R.C. 2901.07(B)(3)(a), was amended by HB 525 and became effective May 18, 2005. It reads as follows:

{¶ 12} "(3)(a) If a person is convicted of or pleads guilty to a felony offense or a misdemeanor offense listed in division (D) of this section and the person is on probation, released on parole, under transitional control, on community control, on post-release control, or under any other type of supervised release under the supervision of a probation department or the adult parole authority, the person shall submit to a DNA specimen collection procedure administered by the chief administrative officer of the probation department or the adult parole authority."

{¶ 13} The state argues that the statute was intended to apply to all individuals who were convicted of or who pleaded guilty to a felony or a specified misdemeanor and who were on supervised release on or after May 18, 2005, even if the conviction or guilty plea had occurred before that date. To support this position, the state notes that the statute is written in the present tense and applies to a defendant who "is convicted" or "pleads guilty" and "is" on a form of supervised release. The state suggests that this language can mean only that the General Assembly intended for the statute to be applied to individuals on supervised

release as of the effective date, not just to those sentenced after the effective date.

{¶ 14} The state also cites the SB 262 version of the statute, which took effect on July 11, 2006. This newest version added language to R.C. 2901.07(B)(3)(a) stating that "[r]egardless of when the conviction occurred or the guilty plea was entered," individuals convicted of felonies and certain misdemeanors that are on supervised release must submit DNA specimens. According to the state, by revising the statute in 2006 to make it clearly retroactive, the General Assembly declared its intent that the HB 525 version was retroactive as well.

{¶ 15} We disagree. A statute must clearly proclaim its own retroactivity to overcome the presumption of prospective application. Retroactivity is not to be inferred. *Kelley v. State* (1916), 94 Ohio St. 331, 338–339, 114 N.E. 255. If the retroactivity of a statute is not expressly stated in plain terms, the presumption in favor of prospective application controls. *Bernier v. Becker* (1881), 37 Ohio St. 72, 74. Moreover, the General Assembly is presumed to know that it must include expressly retroactive language to create that effect, and it has done so in the past.[3]

{¶ 16} It is undisputed that the HB 525 version of R.C. 2901.07(B)(3)(a) does not expressly mention retroactivity. There are no plain references to its applicability to convictions or guilty pleas occurring before the effective date of the section or to pending actions. The General Assembly's failure to include such language means that this version of the statute can be applied only prospectively.

{¶ 17} The mere use of present-tense language does not change this conclusion. The state is correct that the statute may be read to cover all individuals on supervised release on the effective date of the statute, given the use of the present tense. However, one can also read the use of the present tense to mean that effective May 18, 2005, any individual who is convicted of or pleads guilty to a qualifying offense and who is then placed on supervised release must submit a DNA specimen. "A statute, employing operative language in the present tense, does not purport to cover past events of a similar nature." See *Smith v. Ohio Valley Ins. Co.* (1971), 27 Ohio St.2d 268, 276, 56 O.O.2d 160, 272 N.E.2d 131. Absent more express evidence of retroactivity, the general presumption of prospective application controls.

{¶ 18} This conclusion is further supported by the fact that the General Assembly specifically amended this statute in 2006 via SB 262. The new version

---

3. See, e.g., *Van Fossen,* 36 Ohio St.3d at 103, 522 N.E.2d 489, quoting then R.C. 4121.80(H), which stated that it applied to "any action * * * pending in any court on the effective date of this section"; *State ex rel. Slaughter,* 132 Ohio St. at 539, 9 N.E.2d 505, quoting then G.C. 3496–3, which stated, "The provisions of this act shall apply to all work-relief employees who are injured * * * whether such injury or death occurs prior to the operative date of this act or subsequent thereto."

added expressly retroactive language: *"Regardless of when the conviction occurred or the guilty plea was entered,* if a person *has been convicted* of, is convicted of, *has pleaded guilty* to, or pleads guilty" to a qualifying offense and the person is on a form of supervised release "for that offense," the person shall be required to submit a DNA specimen. (Emphasis added.) R.C. 2901.07(B)(3)(a).

{¶ 19} In addition to these changes to the text of the statute, uncodified Section 3(C) of SB 262 notes that the changes were made so that the General Assembly could "expressly state[ ] its intent that the amendments to section 2901.07 of the Revised Code * * * shall apply retrospectively." No similar statement of intent appears in the HB 525 version.

{¶ 20} If the HB 525 version were retroactive, it would have been unnecessary for the General Assembly to add this new language to the statute and the statement of intent to the uncodified text. Regardless of whether the General Assembly believed that the HB 525 version was retroactive,[4] it declares in the uncodified Section 3(C) of SB 262 that it specifically amended the statute so that it would comply with the requirements for retroactivity.

{¶ 21} Beyond these reasons for not applying R.C. 2901.07(B)(3)(a) retroactively, we are compelled to address one of the arguments offered by Justice Lanzinger in dissent. She notes that one of the forms of supervised release listed in the HB 525 version of the statute is probation, which was replaced by community control on July 1, 1996. Citing the rule against surplusage, she infers that the General Assembly must have intended the statute to apply retroactively by including a form of supervised release that was abolished nearly ten years before the statute was enacted.

{¶ 22} The inclusion of this term certainly suggests that the General Assembly intended to make the statute retroactive. However, its presence does not make the statute *clearly retroactive.* The distinction is a fine yet extremely important one.

{¶ 23} The Constitution requires the General Assembly to write statutes in such a way that people of common intelligence may understand what conduct is required. See *State v. Williams* (2000), 88 Ohio St.3d 513, 532, 728 N.E.2d 342. Requiring the General Assembly to clearly enunciate its intent in plain terms allows casual readers of the law to immediately know what statutes are retroactive. Allowing a statute to become retroactive through a reference to a defunct

---

4. In the uncodified Section 3(A) of SB 262, the General Assembly stated that its purpose in amending R.C. 2901.07 was "to reaffirm" its intent that the HB 525 version of the statute was to have been applied retroactively. However, that declaration cannot confer retroactivity upon a previous version of a statute.

form of supervised release in a list of several similar forms comes precariously close to the line of vagueness.

{¶ 24} It should be noted that neither the state nor Consilio raised the inclusion of "probation" as a justification for retroactivity. On a day-to-day basis, such litigants work with statutes such as R.C. 2901.07; the rule requiring the General Assembly to clearly enunciate retroactivity is more for their benefit than for courts of appeals examining statutes after they have been applied. If neither the state nor Consilio refers to "probation" as the key to retroactivity after nearly two years of extensive review, certainly the statute is not "clear" in that regard. The duty to clearly proclaim retroactivity in plain terms must require more than a fleeting cross-reference, if statutes are to be consistently understood and applied.

## IV

{¶ 25} Because the HB 525 version of R.C. 2901.07(B)(3)(a) lacked express language making it retroactive, that version may be applied only prospectively to individuals who were convicted of or pleaded guilty to a qualifying offense and were placed on supervised release after its effective date. Therefore, we need not address the second part of the *Van Fossen* test.

{¶ 26} Because Consilio pleaded guilty and was sentenced to supervised release before May 18, 2005, he is not required to submit to the DNA specimen collection procedure pursuant to the HB 525 version of the statute. All individuals not covered by the previous list of enumerated felonies that were sentenced to supervised release before May 18, 2005, and that completed this supervision before July 11, 2006, are similarly exempted.

{¶ 27} The judgment of the court of appeals is hereby affirmed.

Judgment affirmed.

PFEIFER and O'DONNELL, JJ., concur.

CUPP, J., concurs in syllabus and judgment only.

LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., dissent.

---

LANZINGER, J., dissenting.

{¶ 28} I respectfully dissent. In rejecting the state's arguments, the majority holds that unless the General Assembly "proclaim[s]" that a statute is retroactive "in plain terms," a statute is conclusively prospective. Such a holding suggests that a formalistic recitation will now be the only evidence of the General Assembly's intent on retroactivity, and an examination of the legislation as a whole to determine intent is no longer possible. This is contrary to the long-

standing principle that statutes should be interpreted as a whole. *State ex rel. Myers v. Bd. of Edn. of Rural School Dist. of Spencer Twp., Lucas Cty.* (1917), 95 Ohio St. 367, 372–373, 116 N.E. 516.

{¶ 29} In my view, former R.C. 2901.07(B)(3)(a), 2004 Sub.H.B. No. 525 ("HB 525"), is intended to reach all offenders under the control of the court to assure that before their release dates, they will submit to DNA analysis. Although the statute uses the present tense, this is not the only reason I believe it was intended to be applied retroactively. Notably, the statute includes the word "probation" when listing specific types of supervised release: "(3)(a) If a person is convicted of or pleads guilty to a felony offense or a misdemeanor offense listed in division (D) of this section *and the person is on probation,* released on parole, under transitional control, on community control, on post-release control, or under any other type of supervised release under the supervision of a probation department or the adult parole authority, *the person shall submit to a DNA specimen collection \* \* \*."* (Emphasis added.)

{¶ 30} The General Assembly particularly listed all individuals required to submit DNA specimens *if* there has been a conviction or plea to a felony or specified misdemeanor. The listed individuals are those "on probation," those under community control, parole, transitional control, and post-release control, and those under "any other type of supervised release."

{¶ 31} The majority's interpretation is wrong for two reasons. First, a prospective application nullifies the General Assembly's use of the word "probation." The General Assembly had abolished the felony sentence of probation and replaced it with community control [5] on July 1, 1996, well before the enactment of the HB 525 version of R.C. 2901.07(B)(3)(a). See Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7470; *State v. Talty,* 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 16. Compare R.C. 2929.15 with former R.C. 2951.02. 146 Ohio Laws, Part IV, 7136, 7546. Unless we read the General Assembly's inclusion of the word "probation" as expressing the intent that *all* who are under the control of the court are subject to the DNA test, the word is superfluous. It is our duty to respect every word of the legislation and not add or delete words. *Cleveland Elec. Illum. Co. v. Cleveland* (1988), 37 Ohio St.3d 50, 524 N.E.2d 441, paragraph three of the syllabus.

{¶ 32} Second, R.C. 2901.07, as amended by 2006 Sub.S.B. 262 ("SB 262"), in uncodified Section 3(A) explained that the General Assembly wished to reaffirm the retroactivity of this statute: "The General Assembly hereby declares that its purpose in amending section 2901.07 of the Revised Code in Sections 1 and 2 of

---

5. "Community control" has replaced "probation" for misdemeanor offenses also. See R.C. 2951.02, for example. 2002 Am.Sub.H.B. No. 490.

this act is to reaffirm that it is the General Assembly's intent that, under that section as it existed prior to the effective date of this act, a person who is in any of the categories of offenders described in division (B)(1), (2), (3), or (4) of that section in relation to a conviction of or plea of guilty to a felony offense or a misdemeanor offense listed in division (D) of that section is subject to the DNA specimen collection provisions of divisions (B) and (C) of that section regardless of when the conviction of or plea of guilty to the felony offense or the misdemeanor offense occurs or is entered."

{¶ 33} The majority rejects this statement by concluding that the new language did not clarify, but instead added, the missing retroactive intent. As noted, HB 525, which enacted the former statutory version, was already expressly retroactive. By inserting "[r]egardless of when the conviction occurred or the guilty plea was entered," the amendment to R.C. 2901.07(B)(3)(a) simply clarified that the date of conviction or plea was not dispositive of the requirement to submit a DNA specimen. In other words, it reaffirmed its intent that the statute be retroactive and apply to all who were under control of the court as a result of a conviction.

I

{¶ 34} My reading that former R.C. 2901.07(B)(3)(a) is expressly intended to be retroactive requires a consideration of whether the statute is substantive, rendering it unconstitutionally retroactive, as opposed to merely remedial. *State v. Cook* (1998), 83 Ohio St.3d 404, 410–411, 700 N.E.2d 570, citing *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph three of the syllabus.

{¶ 35} A retroactive statute is substantive—and therefore unconstitutionally retroactive—if it impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction. Id. at 411, 700 N.E.2d 570. Remedial laws have been defined as those that simply provide "a rule of practice, a course of procedure or a method of review." *Miami Cty. v. Dayton* (1915), 92 Ohio St. 215, 219, 110 N.E. 726.

{¶ 36} The state properly relies on *State ex rel. Matz v. Brown* (1988), 37 Ohio St.3d 279, 281, 525 N.E.2d 805, to demonstrate that former R.C. 2901.07(B)(3)(a) was a remedial law. In *Matz*, a statute that barred certain convicted felons from applying for compensation as victims of crime was challenged on grounds that a new disability was attached to previous conduct. Id. In denying the requested writ of mandamus, we held that the statute was constitutional because "a law that attaches a new disability to a past transaction or consideration is not a prohibited retroactive law unless the past transaction or consideration created at least a reasonable expectation of finality. Past felonious conduct is not such a transaction or consideration." Id. at 282, 525 N.E.2d 805.

{¶ 37} The HB 525 version of R.C. 2901.07(B)(3)(a) constitutes a remedial, curative statute that merely provides that an offender on *any* type of supervised release must submit to a DNA test. The requirement to submit to a DNA sample is much less onerous than the periodic registration requirement imposed upon classified sex offenders pursuant to R.C. Chapter 2950 and held to be "remedial" rather than substantive. *Cook*, 83 Ohio St.3d at 413, 700 N.E.2d 570. The requirement to submit a DNA sample is merely a procedural requirement necessary to implement a statutory goal. See id. at 412, 700 N.E.2d 570. In this case, the specific statutory goal as announced by the General Assembly when it amended R.C. 2901.07 is creation of a thorough DNA database to assist in the resolution of unsolved crimes. Uncodified Section 4 of SB 262.

{¶ 38} Consilio has alleged no impairment of rights or imposition of new obligations that would satisfy the tests for substantive legislation. He had no expectation of finality, as "felons have no reasonable right to expect that their conduct will never thereafter be made the subject of legislation." *Matz*, 37 Ohio St.3d at 282, 525 N.E.2d 805. Furthermore, former R.C. 2901.07(B)(3)(a) does nothing more than impose a one-time obligation to undergo the DNA test.

{¶ 39} I conclude that the HB 525 version of R.C. 2901.07(B)(3)(a) does not constitute a substantive law, because it does not retrospectively impair vested rights, impose new duties, or create new obligations.

## II

{¶ 40} In summary, I would reverse the judgment of the Court of Appeals for Cuyahoga County. I would hold that the earlier version of R.C. 2901.07(B)(3)(a) enacted by HB 525 expressly authorized its applicability to all offenders under the control of the courts, that it was remedial rather than substantive, and that it may be applied constitutionally to all who were on supervised release before May 18, 2005.

LUNDBERG STRATTON and O'CONNOR, JJ., concur in the foregoing opinion.

---

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellant.

Tony Dalayanis Co., L.P.A., and Tony Dalayanis, for appellee.