JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendants-appellants, MRN Limited Partnership, et al. ("MRN"), appeal from the trial court's decision that referred this dispute over title to real estate to arbitration. For the reasons that follow, we reverse and remand for further proceedings.
 {¶ 2} This matter involves a dispute concerning, among other things, the title to certain real estate that is known more specifically as 2041 East 4th Street, Cleveland, Ohio. At issue are the provisions of a lease agreement dated April 28, 1906, entered by and between Annie M. Brainard and Laura C. Brainard as "lessors" therein and Harris W. Price and C. Kenneth Chisholm as "lessees" therein.
 {¶ 3} On January 25, 2006, plaintiffs-appellees, Keybank, N.A., Trustee of the Price Trust, et al. ("Keybank"), filed its amended complaint seeking to enforce an alleged arbitration agreement contained in the aforementioned 1906 lease pursuant to R.C. 2711.03 (which became effective in 1955).
 {¶ 4} Primarily, Keybank seeks a determination as to whether "MRN holds fee simple title to the Property pursuant to Exhibit `A' to [its letter dated October 14, 2005]." R. 1, Exhibit A thereto.
 {¶ 5} MRN raises three assignments of error; however, the resolution of the first assignment of error renders the remaining errors moot. App.R. 12(A)(1)(c). *Page 4 
 {¶ 6} "I. The trial court erred by referring a real estate ownership dispute to arbitration in violation of R.C. § 2711.01."
 {¶ 7} MRN maintains that the statutory provisions governing arbitration clauses in 1906 were significantly different than those contained in R.C. 2711.01, et seq. (that became effective in 1955). In particular, MRN asserts that there were no statutory provisions in 1906 that made arbitration binding and irrevocable when contained in a written agreement. Keybank responds that the "statutory history indicates that arbitration was a favored method of dispute resolution before the Agreement was signed by the Parties' predecessors in 1906." In this case, Keybank is seeking binding arbitration and relies on the statutory provisions of R.C. 2711.01, et seq. While arbitration may have been a historically favored method of dispute resolution, neither party cites, nor can we find any authority, that retroactively applied the binding arbitration provision of R.C. 2711.01 et seq. to a written agreement that predated the effective date of that statute.
 {¶ 8} "It is well-settled law that statutes are presumed to apply prospectively unless expressly declared to be retroactive." State v.Consilio, 114 Ohio St.3d 295, 2007-Ohio-4163, ¶ 9, citing R.C. 1.48;Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 105. Keybank suggests that the law to apply is that which is in effect when the dispute arises, rather than what was in effect at the time the parties entered into their agreement. Employing this tactic could prove difficult where the law in effect now differs from that which was in effect when the contract was entered. *Page 5 
This is because a meeting of the minds on the essential terms of the agreement is a necessary component to creating an enforceable contract.McCarthy, Lebit, Crystal Haiman Co., L.P.A. v. First Union Mgt,Inc. (1993), 87 Ohio App.3d 613, 620.
 {¶ 9} Assuming, without deciding, that the provisions of a statute that did not become effective until 1955 could control the provisions of an agreement entered by parties in 1906, the provisions of the statute preclude arbitration in this case.
 {¶ 10} In relevant part, R.C. 2711.01(B)(1) provides:
 {¶ 11} "(B) (1) Sections 2711.01 to 2711.16 of the Revised Code do not apply to controversies involving the title to or the possession of real estate, with the following exceptions:
 {¶ 12} "(a) Controversies involving the amount of increased or decreased valuation of the property at the termination of certain periods, as provided in a lease;
 {¶ 13} "(b) Controversies involving the amount of rentals due under any lease;
 {¶ 14} "(c) Controversies involving the determination of the value of improvements at the termination of any lease;
 {¶ 15} "(d) Controversies involving the appraisal of property values in connection with making or renewing any lease;
 {¶ 16} "(e) Controversies involving the boundaries of real estate."
 {¶ 17} Foremost this is a controversy over who actually holds title to the subject real estate in the first instance. In other words, the first two issues posited by Key bank are: *Page 6 
 {¶ 18} "(1) Does MRN Holds [sic] fee simple title to the Property pursuant to Exhibit `A' to this letter? [and]
 {¶ 19} "(2) If the answer to (1) is negative, what other interest(s) are extant in the Property?"
 {¶ 20} Additional issues raised by Keybank include who is in possession of the real estate. (E.g., "(3) [w]hether the Harris W. Price Trust, * * * hold the lessee's interest in the Property * * * (12) who is occupying the Property? * * * (13) Who has the right to occupy the Property.")
 {¶ 21} None of the cited issues fall within the exceptions to the exclusions above and therefore, the trial court erred by requiring the parties to arbitrate these matters.
 {¶ 22} Judgment reversed and remanded for further proceedings.
It is ordered that appellants recover from appellees their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 PATRICIA A. BLACKMON, J., and MELODY J. STEWART, J., CONCUR *Page 1