[Cite as *Marysville Exempted Village School Dist. Bd. of Edn. v. Union Cty. Bd. of Revision*, 2023-Ohio-2020.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

MARYSVILLE EXEMPTED VILLAGE
SCHOOLS BOARD OF EDUCATION

       APPELLANT,                              CASE NO.  14-23-03

       v.

UNION COUNTY BOARD OF
REVISION,  ET AL.,                        O P I N I O N

       APPELLEES.

Appeal from Ohio Board of Tax Appeals
BTA No. 2022-1552

**Judgment Reversed and Cause Remanded**

**Date of Decision:   June 20, 2023**

**APPEARANCES:**

    *Mark H. Gillis and Kelley A. Gorry* **for Appellant**

    *Steven L. Smiseck* **and** *Lauren M. Johnson* **for Appellee The**
        **Residence at Cooks Pointe, LLC**

**WALDICK, J.**

{¶1} Appellant, Marysville Exempted Village Schools Board of Education ("school board"), appeals the decision and order of the Ohio Board of Tax Appeals ("BTA"), in which the BTA dismissed the school board's appeal from a decision of the Union County Board of Revision. For the reasons set forth below, we reverse.

*Procedural History and Relevant Facts*

{¶2} This case originated on February 25, 2022, when two Union County residents, Dean Cook and Dave Cook, filed a third-party taxpayer complaint for the 2021 tax year with the Union County Board of Revision. In that complaint, the Cooks sought an increase in the valuation of certain real property located at 1805 Mill Point Road in Marysville, Ohio. That property is owned by The Residence at Cooks Pointe, LLC, the appellee herein.

{¶3} On May 3, 2022, the school board filed a counter-complaint with respect to the same real property, in which the school board joined in the Cooks' position that the valuation of the subject property should be increased by several million dollars.

{¶4} On August 1, 2022, the Union County Board of Revision held a hearing on the complaints. On September 5, 2022, the Board of Revision ruled that no change would be made in the valuation of the real property for the tax year in

Case No. 14-23-03

question, finding that the complainants failed to meet the burden of proof necessary to justify a change in value.

{¶5} On September 30, 2022, the school board filed a notice of appeal with the Board of Tax Appeals.

{¶6} On or about December 8, 2022, the appellee owner of the property at issue, The Residence at Cooks Pointe, LLC, filed a motion with the BTA seeking to dismiss the appeal filed by the school board. The motion to dismiss was based upon a recent amendment to R.C. 5717.01, which substantially restricted the right of a board of education to appeal to the Board of Tax Appeals.

{¶7} On or about December 21, 2022, the school board filed a response opposing the motion to dismiss its appeal.

{¶8} On December 28, 2022, the Board of Tax Appeals issued a decision and order dismissing the school board's appeal. In support of that dismissal, the BTA relied upon a decision it had issued on October 31, 2022, *North Ridgeville City Schools Bd. of Edn. v. Lorain Cty. Bd. of Revision*, BTA No. 2022-1152, 2022 WL 16725740. Based upon the reasoning set forth in the *North Ridgeville* decision, the BTA concluded that R.C. 5717.01., as amended on July 21, 2022 by H.B. 126, precluded the school board's appeal in this case.

{¶9} On January 6, 2023, the school board filed the instant appeal, in which eleven assignments of error have been raised.[1]

### First Assignment of Error

**The Decision is unreasonable and unlawful because the BTA relied solely upon its erroneous decision in *North Ridgeville City Schools Board of Education v. Lorain Cty. Bd. of Revision*, *et al.*, BTA No. 2022-1152, 2022 Ohio Tax LEXIS 2518 (Oct. 31, 2022) ("*North Ridgeville*") (attached hereto in <u>Appendix</u>) (Decision at p. 2).**

### Second Assignment of Error

**The Decision is unreasonable and unlawful because in *North Ridgeville*, the BTA ignored the plain meaning of the unambiguous words the General Assembly used in the revisions to R.C. 5717.01 (*North Ridgeville*, at \*2-5).**

### Third Assignment of Error

**The BTA committed legal error in *North Ridgeville* by failing to recognize that the General Assembly's use of the phrase "a subdivision <u>that files</u>" in R.C. 5717.01 as the operative language in <u>present tense</u> applies prospectively only [*sic*] present and future actions and does not include <u>past actions</u> (*North Ridgeville*, at \*2-5). *Carr v. United States*, 130 S.Ct. 2229, 2236, 176 L.E.2d 1152 (2010); *Smith v. Ohio Valley Ins. Co.*, 27 Ohio St.2d 268, 276, 272 N.E. 171 (1971).**

### Fourth Assignment of Error

**The Decision is unreasonable and unlawful because the BTA failed to apply the rules of grammar and violated the rules of statutory construction in *North Ridgeville* in interpreting the present tense language in R.C. 5717.01 as including any**

---

[1] In its merit brief, the appellant-school board sets forth the eleven assignments of error noted here but then, without explanation, rephrases and reorders the assignments of error in the body of the brief. For the sake of simplicity and brevity, we will not set forth the "re-phrased" assignments of error in this opinion.

complaints filed prior to the effective date of the legislation (*North Ridgeville*, at \*2-5). R.C. 1.42; R.C. 1.43(C); R.C. 1.48; *Smith*, at 276.

### Fifth Assignment of Error

The BTA committed legal error in *North Ridgeville* after correctly determining that the revisions to R.C. 5717.01 are clear and unambiguous but then utilizing the General Assembly's perceived legislative intent as support for its interpretation of the revisions directly inconsistent with the actual words used by the General Assembly. *North Ridgeville*, at \*7 ("Our decision hardly offends that intent"); *Jacobsen v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, 75 N.E.3d 203, ¶ 8.

### Sixth Assignment of Error

The BTA committed legal error in *North Ridgeville* by rewriting the language of the revisions to R.C. 5717.01 as follows: "except that a subdivision with respect to property the subdivision does not own or lease may not appeal the decision of the board of revision." *North Ridgeville*, at \*2 ("Therefore, we hold that boards of education now have no appeal rights to this Board unless the board of education owns or leases the property"); *Id*. At \*5 ("\*\*\*in order to lawfully appeal a board of revision decision to this Board, the appellant cannot be a subdivision that does not own or lease the property at issue in the original complaint").

### Seventh Assignment of Error

The Decision is unreasonable and unlawful as the BTA failed to recognize in *North Ridgeville* that the General Assembly's retention of the former appeal right in R.C. 5717.01 for any "board, legislative authority, public official" authorized to file complaints pursuant to R.C. 5715.19 in the revisions to R.C. 5717.01 preserves the existing appeal rights of those entities for any complaint filed <u>prior</u> to the effective date of the revisions (*North Ridgeville*, at \*10-13). *See Jacobsen*, at ¶ 19.

**Eighth Assignment of Error**

**The BTA committed legal error in *North Ridgeville* by concluding that the revisions to R.C. 5717.01 did not incorporate the new definitions of "subdivision" [or rather "legislative authority of a subdivision"], "original complaint" and "counter-complaint" from revised R.C. 5715.19, effective for tax year 2022, when the plain meaning of the language used by the General Assembly in the revisions to R.C. 5717.01 clearly and unambiguously incorporates these definitions (*North Ridgeville*, at \*10-13). *See* R.C. 5717.01 ("a subdivision that files an original complaint or counter-complaint <u>under that section</u>\*\*\*").**

**Ninth Assignment of Error**

**The Decision is unreasonable and unlawful because the BTA held in *North Ridgeville* that the new definitions in R.C. 5715.19, effective for tax year 2022, had no new meaning when the General Assembly retained the terms "board", "legislative authority", "public official", and "complaints" from former R.C. 5717.01 (*North Ridgeville*, at \*10-13).**

**Tenth Assignment of Error**

**The BTA erred in *North Ridgeville* in concluding that "jurisdiction is not conferred on appeal merely because the underlying cause of action was validly filed" when Appellant Board of Education never argued that the right to appeal was vested in a validly filed complaint (*North Ridgeville*, at \*8-10).**

**Eleventh Assignment of Error**

**The BTA erred in *North Ridgeville* by comparing the revisions to R.C. 5717.01 to the revisions to R.C. 5717.04 because the language the General Assembly used in the revisions to R.C. 5717.04 is not even remotely comparable to the words the General Assembly used in the revisions to R.C. 5717.01 (*North Ridgeville*, at \*9-10).**

**{¶10}** All eleven assignments of error set forth by the school board ultimately raise the same claim, being that the Board of Tax Appeals erred in dismissing the school board's appeal, but for varying reasons. Because we find the related arguments set forth in the first, second, third, and fourth assignments of error to be dispositive of the case, we will collectively address those four assignments of error first.

**{¶11}** In the first four assignments of error, the school board asserts that the BTA's decision dismissing the school board's appeal was erroneous because that dismissal, and the *North Ridgeville* decision upon which the dismissal was based, resulted from a misreading of the amended statute and a misapplication of established rules of statutory construction.

**{¶12}** An appellate court reviews a Board of Tax Appeals decision to determine if it is reasonable and lawful; if it is both, the decision must be affirmed. *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 10th Dist. Franklin Nos. 21AP-86, 21AP-87, 21AP-88, 2022-Ohio-355, ¶ 15. However, we review questions of law de novo. *Id.* at ¶ 17. Accordingly, we "'will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion.'" *Westerville City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 146 Ohio St.3d 412, 2016-Ohio-1506, ¶ 26, quoting *Bd. of Edn. of Gahanna-Jefferson Local School Dist. v. Zaino, Tax Commr.*, 93 Ohio St.3d 231, 232, 754 N.E.2d 789 (2001). In particular,

statutory interpretation is a question of law that we review de novo. *Rock City Church v. Franklin Cty. Bd. Of Revision*, 10th Dist. Franklin No. 22AP-372, 2023-Ohio-1339, ¶ 5, citing *Thomas v. Logue, Admr. Ohio Bur. of Workers' Comp.*, 10th Dist. Franklin No. 21AP-385, 2022-Ohio-1603, ¶ 12.

**{¶13}** As to the specific issue present in this appeal, we note that it is well established that the Board of Tax Appeals is a "creature of statute" and, as such, has only the jurisdiction, power, and duties expressly provided by the General Assembly. *Ross v. Cuyahoga Cty. Bd. of Revision*, 155 Ohio St.3d 373, 2018-Ohio-4746, ¶ 9, citing *Steward v. Evatt*, 143 Ohio St. 547, 56 N.E.2d 159 (1944), paragraph one of the syllabus.

**{¶14}** R.C. 5717.01 is the statute that establishes the means for invoking the Board of Tax Appeals' jurisdiction in an appeal of a decision of a county board of revision. *Ross*, *supra*, at ¶ 9.

**{¶15}** In April of 2022, while the complaint in this case was pending before the Union County Board of Revision, the Ohio legislature enacted H.B. 126, which became effective on July 21, 2022. Section 1 of H.B. 126 amended three statutes: R.C. 4503.06, R.C. 5715.19, and R.C. 5717.01, while Section 2 of that legislation repealed the existing versions of those statutes. Section 3 of the legislation contained language delineating when certain portions of the amended version of R.C. 5715.19 were to become operable.

{¶16} R.C. 5717.01 formerly permitted decisions of a county board of revision to be appealed to the Board of Tax Appeals "by the county auditor, the tax commissioner, or any board, legislative authority, public official, or taxpayer authorized by section 5715.19 of the Revised Code to file complaints against valuations or assessments with the auditor."

{¶17} However, H.B. 126 amended R.C. 5717.01 to limit the parties authorized to file such appeals, with the amended version of R.C. 5717.01 reading in relevant part as follows:

> An appeal from a decision of a county board of revision may be taken to the board of tax appeals within thirty days after notice of the decision of the county board of revision is mailed * * *. Such an appeal may be taken by the county auditor, the tax commissioner, or any board, legislative authority, public official, or taxpayer authorized by section 5715.19 of the Revised Code to file complaints against valuations or assessments with the auditor, *except that a subdivision that files an original complaint or counter-complaint under that section with respect to property the subdivision does not own or lease may not appeal the decision of the board of revision with respect to that original complaint or counter-complaint.* (Emphasis added.)

{¶18} Thus, pursuant to R.C. 5717.01 as amended, in order to lawfully appeal a county board of revision decision to the BTA, the appellant cannot be a subdivision that does not own or lease the property at issue in the original complaint.

{¶19} The issue presented is whether that amendment, which took effect July 21, 2022, is applicable to the instant case, where the original complaint and counter-

complaint were filed before July 21, 2022, but the appeal to the BTA stemming from those pre-July 21, 2022 complaints was filed after that date.

{¶20} Because the school board does not own or lease the property at issue in the complaints filed herein, the Board of Tax Appeals ruled that the school board's appeal was precluded by the recently enacted version of R.C. 5717.01. As previously noted, the BTA's decision dismissing the appeal in this case was based directly on the BTA's decision in a similarly situated case, *North Ridgeville City Schools Bd. of Edn. v. Lorain Cty. Bd. of Revision,* BTA No. 2022-1152, 2022 WL 16725740 (Oct. 31, 2022).

{¶21} In *North Ridgeville*, the Board of Tax Appeals had its first opportunity to address the amendment to R.C. 5717.01 effectuated by H.B. 126. At issue in *North Ridgeville*, as in this case, was the question of *when* the amended statute's disallowance of such appeals became effective. The BTA ruled that the amended version of R.C. 5717.01 was applicable to any such appeal filed by a board of education on or after July 21, 2022, the effective date of H.B. 126.

{¶22} In its decision, the Board of Tax Appeals found that the language of the new version of R.C. 5717.01 was unambiguous, and noted that "[a]n unambiguous law 'is to be applied, not interpreted.'" *North Ridgeville*, *supra*, at *3, quoting *Sears v. Weimer*, 143 Ohio St. 312, 316, 55 N.E.2d 413 (1994). As July 21, 2022 was the effective date of the amended legislation at issue, the BTA stated that

"[w]e have absolutely no authority to supply a different effective date for R.C. 5717.01" and "[o]ur analysis can end there, and we stress our holding is entirely based on the straightforward application of an unambiguous law." *Id*.

{¶23} Nevertheless, for "the sake of completeness", the Board of Tax Appeals then went on to address the arguments raised by the school board in *North Ridgeville*. *Id*., at *3. Noting that the school board had argued that the BTA should focus on the legislative intent and other rules of statutory construction when determining the timing of the applicability of H.B. 126, the BTA stated, "[w]e find that this approach is inappropriate and unnecessary, and it would lead to the same result." *Id*. The BTA noted that Section 3 of H.B. 126 specifically set an alternative effective date for some of the other amendments included in the legislation, and the BTA determined that, "[t]he General Assembly's exclusion of R.C. 5717.01 from Section 3 demonstrates the intent for the changes [to that statute] to be operational on the effective date of the legislation." *Id*.

{¶24} As to school board's argument in *North Ridgeville* that applying the July 21, 2022 effective date of the amendment to R.C. 5717.01 to appeals from decisions on complaints in cases where the complaint had been filed prior to that date would render the legislation inappropriately retroactive, the BTA stated that "[t]he right to appeal to this Board is independent of the right to file a complaint or countercomplaint with the board of revision." *North Ridgeville*, *supra*, at *3. The

Board of Tax Appeals therefore found that the board of education's statutory appeal right pursuant to R.C. 5717.01 "was extinguished as of the effective date and did not apply retroactively to pending appeals before this Board." *Id.*

{¶25} The Board of Tax Appeals in *North Ridgeville* also rejected the school board's argument that the amended version of R.C. 5717.01 was inapplicable to appeals in cases where the complaint and counter-complaint had been filed prior to July 21, 2022 in that the terms "complaint" and "counter-complaint" as used in the new version of R.C. 5717.01 had been statutorily undefined until definitions for those terms were established by H.B. 126. In rejecting that argument, the BTA noted that those terms, while not previously defined by the statutes at issue, were nonetheless common terms that had been used frequently in the past and "it would be wrong to conclude that they have no legal meaning until an appeal emanates from a complaint filed for tax year 2022 or later." *North Ridgeville*, *supra*, at *4. Thus, the BTA concluded that, "we find no reason to extend the right of a subdivision to appeal after the General Assembly revoked that right merely because it also codified a meaning for well-understood terms in the same legislation." *Id.*, at *5.

{¶26} Finally, the BTA in *North Ridgeville* noted that there was no dispute in that case that the board of education had filed its counter-complaint in its capacity as a subdivision and that the school board did not own the subject property. *Id.*, at *5. Accordingly, based upon the reasoning set forth above, the Board of Tax

Appeals found that the appeal filed in that case on August 9, 2022 was filed by a party not authorized to do so under the amended terms of R.C. 5717.01, and therefore dismissed the appeal for lack of jurisdiction to consider the same. *Id.*

{¶27} In the present case, based upon the reasoning set forth in the *North Ridgeville* decision, the BTA similarly concluded that R.C. 5717.01, as amended on July 21, 2022 by H.B. 126, precluded the school board's appeal.

{¶28} Upon a de novo review of the issue presented, and of that issue as analyzed by the Board of Tax Appeals in *North Ridgeville*, we find the Board of Tax Appeals' ruling on the statute's applicability here to be flawed. Specifically, we find that the BTA misinterpreted the plain language of the statute and overlooked certain principles of statutory interpretation that impact the applicability of the new R.C. 5717.01 to the school board's appeal in this case.

{¶29} First and foremost, we note that the statutory language at issue here is clearly written in the present tense. R.C. 5717.01, as amended and also as it did previously, sets forth the right of appeal to the Board of Tax Appeals from a county board of revision decision. The amended version of R.C. 5717.01 then imposes a new prohibition on appeals by boards of education, or other such subdivisions, stating, "except that a subdivision *that files* an original complaint or counter-complaint under [R.C. 5715.19] with respect to property the subdivision does not

own or lease may not appeal the decision of the board of revision with respect to that original complaint or counter-complaint." (Emphasis added.)

{¶30} If the language used in the newly enacted prohibition on appeals was phrased in the past tense, such as "filed" or "has filed", that may have demonstrated a legislative intent that the amended statute be applied to appeals stemming from complaints or counter-complaints filed prior to the effective date of the statute. In the absence of such past-tense verbiage, however, the use of the present tense "files" indicates an intention that statute only be applied prospectively.

{¶31} It is also critical to note that the indisputably present-tense phrasing used in the amendment (i.e. "a subdivision *that files*") is specifically tied by the terms of the statute to the filing of a complaint or counter-complaint, *not* to the filing of an appeal. Had the amended statute made the filing of an appeal the operative act upon which the new prohibition on appeals was conditioned, the BTA's decision might have had merit.

{¶32} We also look to established legal principles for guidance on the issue of the statute's applicability to the instant case. Pursuant to R.C. 1.48, "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." More importantly, it is well established that a statute must clearly proclaim its own retroactivity to overcome the presumption of prospective application and retroactivity is not to be inferred. *State v. Consilio*, 114 Ohio St.3d 295, 871 N.E.2d

1167 (2007), ¶ 15, citing *Kelley v. State*, 94 Ohio St. 331, 338–339, 114 N.E. 255 (1916). "If the retroactivity of a statute is not expressly stated in plain terms, the presumption in favor of prospective application controls." *Id.*, citing *Bernier v. Becker*, 37 Ohio St. 72, 74, 1881 WL 63 (1881). Pursuant to this rule, the General Assembly is presumed to know that it must include expressly retroactive language to create that effect, and the legislature has indeed done so in the past. *Id.*, citing *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 522 N.E.2d 489 (1988), *State ex rel. Slaughter v. Indus. Comm.*, 132 Ohio St. 537, 9 N.E.2d 505 (1937).

{¶33} In sum, "'[a] statute, employing operative language in the present tense, does not purport to cover past events of a similar nature.'" *Consilio*, *supra*, at ¶17, quoting *Smith v. Ohio Valley Ins. Co.*, 27 Ohio St.2d 268, 276, 272 N.E.2d 131 (1971). See, also, *Carr v. United States*, 560 U.S. 438, 446–50, 130 S. Ct. 2229, 2235–37, 176 L. Ed. 2d 1152 (2010).

{¶34} By way of illustration, the Supreme Court of Ohio in *Smith v. Ohio Valley Ins. Co., supra*, at fn 3, cited to the following examples of legislative language evidencing a clear intention to apply statutory provisions retrospectively: first, the language of former G.C. 3496-3 at issue in *State ex rel. Slaughter v. Indus. Comm.*, 132 Ohio St. 537, 539, 9 N.E.2d 505 (1937) ("The provisions of this act shall apply * * * whether such injury or death occurs prior to the operative date of this act or subsequent thereto."); second, the language of R.C. 4123.519 at issue in

*Hearing v. Wylie*, 173 Ohio St. 221, 180 N.E.2d 921 (1962) ("[A]ny action pending in Common Pleas Court or any other court on the effective date of this act under Section 4129.519 of the Revised Code shall be governed by the terms of this act.").

{¶35} In the case before us, the H.B. 126 version of R.C. 5717.01 does not expressly mention retroactivity. Put another way, there is no plain reference whatsoever in the amended statute to its applicability to appeals filed prior to the effective date of the statute or, as is the case here, to appeals in pending actions. The General Assembly's failure to include such language means, pursuant to the authority cited above, that the amended version of R.C. 5717.01 can only be applied prospectively.

{¶36} Accordingly, given the use of the present tense in the statute and absent any express evidence of intended retroactivity and/or applicability to previously pending complaints, we find that the use of the language "a subdivision *that files an original complaint or counter-complaint*" signifies a legislative intent that the amended statute be applied prospectively to appeals stemming from *complaints* filed after the July 21, 2022 effective date of the new statute, as opposed to prohibiting appeals from complaints that were filed prior to that date.

{¶37} As a result, we hold that R.C. 5717.01 as amended by H.B. 126 is not applicable to the appeal filed in this matter with the Board of Tax Appeals, as the complaint and the counter-complaint challenging the valuation of the property at

issue were both filed prior to the July 21, 2022 effective date of the new version of R.C. 5717.01.  We therefore sustain the first, second, third, and fourth assignments of error.  Any other arguments are moot.

**{¶38}** The December 28, 2022 decision of the Board of Tax Appeals is reversed and the cause remanded for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**