[Cite as *Marysville Exempted Village School Dist. Bd. of Edn. v. Union Cty. Bd. of Revision*, 2024-Ohio-1629.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

MARYSVILLE EXEMPTED VILLAGE
SCHOOLS BOARD OF EDUCATION,                    CASE NO. 14-23-31

      APPELLANT,

  v.

UNION COUNTY BOARD OF                    O P I N I O N
REVISION, ET AL.,

      APPELLEES.

MARYSVILLE EXEMPTED VILLAGE
SCHOOLS BOARD OF EDUCATION,                    CASE NO. 14-23-32

      APPELLANT,

  v.

UNION COUNTY BOARD OF                    O P I N I O N
REVISION, ET AL.,

      APPELLEES.

**Appeals from Union County Common Pleas Court**
**Trial Court Nos. 22CV0192, 22CV0219**

**Judgments Affirmed**

**Date of Decision:  April 29, 2024**

Case No. 14-23-31, 32

**APPEARANCES:**

*Karol C. Fox and Kelley A. Gorry* **for Appellant**

*Sophia R. Holley* **for Appellee Michaela Ackerman, Trustee**
*Craig T. Albers* **for Appellee Seva Senior Living, LLC**

**WALDICK, J.**

**{¶1}** In these consolidated appeals, the appellant, Marysville Exempted Village Schools  Board of Education ("school board"), appeals the judgments entered in two cases in the Union County Court of Common Pleas, wherein the trial court dismissed the school board's appeals from decisions of the Union County Board of Revision.  For the reasons set forth below, we affirm.

*Procedural History and Relevant Facts*

**{¶2}** These cases originated in March of 2022, when the school board filed two separate valuation complaints for the 2021 tax year with the Union County Board of Revision.  In one of those complaints, the school board sought an increase in the valuation of real property owned by Seva Senior Living, LLC and, in the other complaint, the school board sought an increase in the value of real property owned by Michaela Ackerman, Trustee ("property owners"), who are the appellees herein. Both complaints were based upon recent sale prices of the two properties at issue.

**{¶3}** The Union County Board of Revision held separate hearings on the complaints.  On September 26, 2022, the board of revision issued a decision with regard to the Seva property, ruling that the valuation of the property should be

-2-

increased but not to the amount sought by the school board. On November 28, 2022, the board of revision issued a decision with regard to the Ackerman property, ruling that no change would be made in the valuation of that property for the tax year in question.

{¶4} The school board then appealed both decisions of the board of revision to the Board of Tax Appeals ("BTA") pursuant to R.C. 5717.01, filing a notice of appeal with the BTA on November 3, 2022 in the Seva case and filing a notice of appeal with the BTA on December 15, 2022 in the Ackerman case. The appeals filed with the Board of Tax Appeals were subsequently stayed by the BTA pending a decision by the Supreme Court of Ohio in *Marysville Exempted Village Schools Bd. of Edn. v. Union Cty. Bd. of Revision*, Ohio Supreme Court No. 2023-0964, 171 Ohio St.3d 1475, 2023-Ohio-3789, in which a school board's right to appeal certain decisions of a board of revision to the BTA pursuant to R.C. 5717.01 is at issue.

{¶5} After the appeal of the board of revision decision was filed with the BTA in each case at issue here, the school board then also filed appeals in the Union County Court of Common Pleas of those same board of revision decisions. Specifically, in the Seva case, the school board filed an appeal in the common pleas court on November 4, 2022 (trial court case number 22-CV-0192), and in the Ackerman case, the school board filed an appeal in the common pleas court on December 22, 2022 (trial court case number 22-CV-0219). In the notices of appeal

filed in the Union County Court of Common Pleas, the school board asserted that it was appealing to the trial court as of right, pursuant to R.C. 2506.01.

{¶6} In both of those common pleas court appeals, the property owners subsequently filed motions to dismiss the appeals, arguing that the school board has no standing to file appeals of board of revision decisions in the common pleas court and that the common pleas court lacks jurisdiction to hear the appeals.

{¶7} On August 17, 2023, the trial court filed a judgment entry in each case, dismissing the appeal.

{¶8} On September 8, 2023, the school board separately appealed the dismissal of the common pleas court appeals to this Court, with the Seva case being appellate case number 14-23-32 and the Ackerman case being appellate case number 14-23-31. By subsequent order of this Court, those two appeals were consolidated for purposes of briefing and argument.

{¶9} In both appeals pending before this Court, the school board raises three assignments of error, which we shall collectively address.

**First Assignment of Error**

**The Union County Common Pleas Court erred in dismissing the board of education's appeals pursuant to R.C. 5717.05 when the board of education did not appeal pursuant to that statute.**

**Second Assignment of Error**

**The Union County Common Pleas Court erred in impliedly holding that R.C. 5717.05 in any way prohibited the board of education's appeals pursuant to R.C. 2506.01 because the**

**Supreme Court has repeatedly held that an appeal pursuant to R.C. 2506.01 is available unless directly prohibited by another statute.**

### Third Assignment of Error

**The Union County Common Pleas Court erred in failing to recognize the board of education's statutory standing to appeal pursuant to R.C. 2506.01.**

*Analysis*

{¶10} In the three assignments of error, the school board makes various arguments as to why the trial court erred in dismissing the appeals filed in that court, all based on the school board's assertion that it has standing to bring those appeals pursuant to R.C. 2506.01.

{¶11} R.C. 2506.01 governs appeals from decisions of agencies of political subdivisions, and provides:

> (A) Except as otherwise provided in sections 2506.05 to 2506.08 of the Revised Code, and except as modified by this section and sections 2506.02 to 2506.04 of the Revised Code, every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code.

> (B) The appeal provided in this section is in addition to any other remedy of appeal provided by law.

> (C) As used in this chapter, "final order, adjudication, or decision" means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal

is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding.

**{¶12}** However, we need not reach the merits of the arguments made by the school board, as the board concedes that no appeal is available to it in these cases pursuant to R.C. 2506.01 if R.C. 5717.01 provides a valid statutory right to the school board to appeal to the BTA, as R.C. 2506.01(C) provides that an appeal is not available pursuant to that section if "an appeal is granted by * * * statute to a higher administrative authority if a right to a hearing on such appeal is provided[.]"

**{¶13}** In *Marysville Exempted Village Schools Bd. of Edn. v. Union Cty. Bd. of Revision*, 3d Dist. Union No. 14-23-03, 2023-Ohio-2020, this Court addressed the specific question of whether R.C. 5717.01 provides a statutory right to a school board to appeal to the BTA in a case such as these, where a valuation complaint was filed with a county board of revision prior to the July 21, 2022 effective date of an amendment to R.C. 5717.05 that eliminated the right of school boards to appeal board of revision decisions to the BTA in cases involving real property not owned or leased by the school board. In that case, we held that the amendment to R.C. 5717.01 is not applicable to cases where, as in the cases here, the valuation complaint was filed with the board of revision prior to the July 21, 2022 effective date of the amendment to R.C. 5717.01. *Id.*, at ¶ 37.

**{¶14}** Accordingly, we find our decision in *Marysville Exempted Village Schools Bd. of Edn. v. Union Cty. Bd. of Revision*, *supra*, to be dispositive of the appeals before us and, on the basis of that decision and R.C. 2506.01(C), affirm the judgments of dismissal entered in the trial court.

The three assignments of error are overruled.

*Conclusion*

**{¶15}** Having found no error prejudicial to the appellants in the particulars assigned and argued, the judgments of the Union County Court of Common Pleas are affirmed.

*Judgments Affirmed*

**WILLAMOWSKI, P.J., and ZIMMERMAN, J., concur.**

/tmm